BRIDGET HARNEY *et al.*

*v.*

J. W. ROSS.

*Opinion filed June 19, 1907.*

APPEALS AND ERRORS—*when freehold is not involved.* A freehold is not involved on writ of error to review a foreclosure proceeding, even though the sale is decreed under the terms of a will and not under the mortgage, where those plaintiffs in error who are liable for the mortgage debt may prevent a sale by paying the debt as directed by the decree, the same as in ordinary foreclosure sales, and the other plaintiffs in error claim as legatees of personal property and complain only that the court was without power to decree a sale under the will at the suit of the complainant.

HAND, C. J., and CARTWRIGHT, J., dissenting.

WRIT OF ERROR to the Circuit Court of Marshall county; the Hon. N. E. WORTHINGTON, Judge, presiding.

This is a bill filed August 31, 1903, in the circuit court of Marshall county, for the foreclosure of a mortgage, wherein it is alleged that Bridget Harney, Charles J. Harney, George N. Harney and Mary A. Harney-Monier are the mortgagors and the defendant in error the mortgagee; that said mortgagors became indebted to complainant May 1, 1899, in the sum of $5000, for which they executed and delivered to him a promissory note of that date, payable in one year, with interest at six per cent, and to secure said note on the same day executed a mortgage on certain real estate in Marshall county, Illinois. The bill closes with the usual prayer for foreclosure proceedings.

George N. Harney answered, denying that he ever executed the note and mortgage or that he ever was indebted to complainant.

Mary A. Harney-Monier answered, denying that she or any of her co-defendants, jointly or severally, ever became indebted to the complainant or that they ever executed and delivered said note and mortgage; further answering, that on May 28, 1888, Daniel Harney died in said Marshall county, and left him surviving, as his only heirs-at-law, his widow, Bridget Harney, and George N. Harney, Charles J. Harney, (a minor,) Mary A. Harney-Monier, William H. Harney, (since deceased,) Joseph Harney, Kate Harney, Thomas A. Harney, Daniel Harney, Jr., John M. Harney, (since deceased,) Maggie Harney, Edmund H. Harney and Robert Harney, his children; that said Daniel left a will, providing, among other things, that after the payment of his debts his wife should receive one-third of the net income, rents and profits of his real estate and one-third of his personal estate for her separate use and benefit, to be taken in lieu of dower; that his real estate should be kept together and rented to the best advantage until the youngest child

reached majority, and after paying out of said rents all necessary repairs, taxes and insurance, one-third of the net sum should go to his wife as long as she should live, and the remainder of the said rents and net income, along with the personal property not going to his wife, should be put together annually and annually divided, one-third, each, to his sons Charles J. and George N. and his daughter Mary Ann, until his daughter reached the age of sixteen, and from thence said income be divided equally between his said sons George N. and Charles J. until the youngest arrive at his majority; that in case one of the two dies before majority the income going to him shall be added to the principal of the personal property until the survivor reach majority; that after his youngest living child arrives at majority all of the real estate shall be sold by his executors under power given by the will to his executors to convey, and if his wife be living at the time of the sale of said real estate she be paid a gross sum in compensation for her release of her interest, or they reserve one-third of the proceeds and pay her the proceeds for her life, or sell the real estate subject to the life estate, or make any other arrangements satisfactory to her and the executors; that he gives and bequeaths to Robert F., Charles J. and George N. $3000 each, and to his son Edmund and daughter Mary Ann $1000 each, to be paid to them out of the proceeds of the real estate and personal property within one year after the real estate be sold; that if any legatee die before the time of the payment of the legacies, leaving children, then his legacy should not lapse but go to such children, otherwise the legacy shall lapse and fall into the residue; that all the residue of the estate, both real and personal, should go to his sons Charles J. and George N., share and share alike; that his children William, James, Thomas, Daniel, John, Kate and Margaret are so circumstanced in life as not to be entitled to any further part of his estate. Said defendant Mary A. Harney-Monier, further answering, alleged that under the will (the executors named

in the will declining and refusing to act) defendant Bridget Harney was appointed administratrix *de bonis non* with the will annexed; that under and by virtue of the terms of the will the mortgage set forth in the bill of complaint is of no force or effect against any of the rights of this defendant in said real estate described in said mortgage, or the proceeds thereof.

The answer of Bridget Harney denies that she was ever indebted to complainant or that she ever executed and delivered the note and mortgage; says that said note and mortgage were procured from the defendants by fraudulent, false, untrue and scandalous representations, tricks and devices, in that complainant loaned small sums of money, amounting to less than $1000, to one Thomas Harney, a son of this defendant and brother of the others, and charged Thomas Harney excessive and usurious interest in violation of law, and fraudulently and falsely and intentionally represented to defendants that said Thomas was indebted to complainant for $5000, and that unless the defendants made, executed and delivered to the complainant the note and mortgage said Thomas Harney would be arrested, prosecuted and sentenced to the penitentiary; denies the right of complainant to have the right of foreclosure for any greater sum than was actually due on the debt of said Thomas Harney.

Charles J. Harney answered, setting forth the same claim of fraudulent representations as made in the answer of Bridget Harney, and denying that he ever was indebted to complainant or that he ever executed, acknowledged or delivered the note or mortgage in question after he became twenty-one years of age; states that he was a minor at the time the note and mortgage were signed and delivered, and has never ratified the same since coming of age.

The bill was thereafter amended so that it alleged, among other things, the following: That at the time the defendants executed the mortgage deed in question they covenanted and warranted that they were lawfully seized in fee simple

of the premises, free and clear of all encumbrance; that at the time of the execution and delivery of said note and mortgage complainant received the same without notice of the rights of the parties under the last will and testament of said Daniel Harney; that he relied on the covenants of the mortgagors that they were the owners in fee and had good right to convey the same; that on October 27, 1888, Robert F. Harney, defendant, executed and delivered to Bridget Harney a quit-claim deed to the land described in the will, which deed was duly acknowledged and recorded; that defendants elected to treat the bequest and devise to them under the last will as real estate and not have the same converted into personal property and distributed as legacies, and that by virtue of the covenants of warranty in the mortgage deed defendants are estopped to deny that they had so elected; that in case the court should hold that the fee did not pass by said mortgage deed to the complainant, it should order and decree the sale of said premises by the administratrix or the master in chancery in accordance with the direction of said will, and out of the proceeds of such sale belonging or payable to the defendants Mary A. Harney-Monier, George N. Harney, Charles J. Harney and Bridget Harney, (including the $3000 legacy to Robert F. Harney, assigned by him to Bridget Harney,) the court should decree payment to complainant of the amount due him of principal and interest and costs.

To the amended bill the widow, and all those heirs and descendants of Daniel Harney, deceased, who by his will are entitled to share in the proceeds of said real estate, were made defendants.

To the amended bill defendants filed joint and several answer, alleging, among other things, that the defendant Mary A. Harney-Monier signed the mortgage under misrepresentations, but never signed the note and never delivered or acknowledged the mortgage; that George N. Harney never signed or ratified the note or mortgage and never de-

livered or ratified the delivery of the same; that the defendant Bridget Harney signed the mortgage and note with the express understanding that nothing was to be done with them until she had an opportunity to ascertain the truth of the representations, and never acknowledged or delivered, or consented to the acknowledgment or delivery of, either of them. Defendant Charles J. Harney acknowledged that he signed the note and mortgage, but averred that he never in fact delivered the same or either of them, and that he signed them while he was a minor and has never ratified them since he became of age. They jointly denied that the complainant was entitled to the relief, or any part thereof, asked for in his amended bill.

After the pleadings were settled the case was referred to a master, who took evidence and reported that the mortgage and note had been duly acknowledged and delivered by the mortgagors heretofore named; that Bridget Harney, George N. Harney and Mary A. Harney-Monier, by virtue of the covenant of warranty in the mortgage that they were the owners of the real estate in fee, were estopped to deny their title and interest in the premises, and that Robert F. Harney had transferred all his interest to his mother, Bridget Harney; that the said Charles J. Harney signed and executed a mortgage while he was a minor, and that he and Edmund Harney had not elected to treat the bequests as real estate and therefore were not estopped in these proceedings. Exceptions were filed to this report, which were in the main overruled, the decree of the chancellor finding, among other things, in addition to the findings of the master, that as the said legatees, Charles J. Harney and Edmund Harney, have not elected to treat the gifts and bequests under said will as real estate, they were entitled to have the premises sold under and by virtue of the terms of said will and to have the proceeds thereof distributed by virtue of its provisions; that some suitable person should be appointed as trustee by the court for the purpose of making such sale, and that the dis-

tributive shares of Bridget Harney, George N. Harney and Mary A. Harney-Monier, payable to them under the terms of the will, arising out of the proceeds of said sale, be first applied to the payment of costs of this proceeding and the amount due upon the indebtedness under said note and mortgage. The decree continues: "It is therefore ordered, adjudged and decreed * * * that within sixty days from this date said George N. Harney, Bridget Harney and Mary A. Harney-Monier pay to complainant $6722.49, with legal interest thereon from this date, and the costs of this suit. * * * In default of such payment being made, as aforesaid, by the said defendants, * * * then and in that case the premises mentioned. * * * be sold at public vendue, for cash," etc. The master was by the decree appointed a trustee to make sale under the will, and it was provided that the sale be made without right of redemption.

All the defendants below have joined in suing out this writ of error, bringing the record directly from the circuit court to this court for review, and here insist upon all the defenses set up by the answers.

BARNES & MAGOON, for plaintiffs in error.

WINSLOW EVANS, (F. W. POTTER, of counsel,) for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Plaintiffs in error sue out this writ from this court on the theory that the litigation involves a freehold. We have repeatedly held that an ordinary suit in chancery to foreclose a mortgage does not involve a freehold. In the present case, however, the sale of real estate was decreed, not by virtue of the provisions of the mortgage, but in pursuance of the terms of the will of Daniel Harney, deceased. Certain of the plaintiffs in error were decreed to pay the debt mentioned in the mortgage within a certain period. If they comply with the decree in that respect no sale will be

necessary. It is therefore apparent that as to them the situation is not other or different than if the decree was an ordinary decree of foreclosure.

As to the plaintiffs in error who were not required by the decree of the circuit court to pay the indebtedness in question, they contend that they own no part of the real estate in question; that they are merely entitled to a portion of the proceeds thereof when sale is made, and that the property to which they are so entitled is personal and not real property. The decree was in accord with this view, but these plaintiffs in error deny the right of the court to decree a sale under the will at the suit of defendant in error.

In *Nevitt* v. *Woodburn*, 175 Ill. 376, real estate was devised to a trustee, to be by him sold and the proceeds distributed to certain legatees. A bill was filed seeking the removal of the trustee named in the will and the appointment of a new trustee and asking that the old trustee convey the title, and complainants prevailed. We held that no freehold was involved as there was no such "adjudication upon the title" as deprived the old trustee of the title and gave it to another; that the requirement that he convey the title held by him was not the result of an adjudication upon the title itself, but of a finding that he had not faithfully performed the duties of the trust.

In the case at bar there was absolutely no adjudication in reference to the title adverse to those plaintiffs in error who were not decreed to pay the mortgage. The only question was whether a sale of the real estate and distribution to them could be rightfully decreed at the suit of Ross. Following the reasoning of the *Nevitt case*, we conclude that as to them no freehold was involved. The question was one of procedure, and not one of title.

Accordingly the writ will be dismissed.

*Writ dismissed.*

HAND, C. J., and CARTWRIGHT, J., dissenting.